UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTHONY VESPA,

        Defendant.

                              /

Case Number 19-20220
Honorable David M. Lawson

## AMENDED PRELIMINARY ORDER OF FORFEITURE

On April 12, 2019, an information was filed charging defendant Anthony Vespa with wire fraud under 18 U.S.C. § 1343. The information contained forfeiture allegations providing notice that the government sought forfeiture of all property comprising the proceeds of the crime. The defendant entered into a Rule 11 plea agreement and pleaded guilty to count one of the information. As a condition of the plea agreement, the defendant consented to the entry of a forfeiture money judgment against him in an amount to be determined, based upon information to be proffered at or before sentencing to establish the amount of the proceeds from the crime. The defendant also consented to the entry of a preliminary order of forfeiture upon application by the United States, and an amended order of forfeiture once the loss amount had been determined.

Based on the representations in the plea agreement, the Court finds that the funds to be forfeited "constitute[] or [are] derived, directly or indirectly, from gross proceeds traceable to the commission of the offense" for which the defendant was convicted. 18 U.S.C. § 982(a)(7). Prior to sentencing, the United States filed an application for entry of amended preliminary order of forfeiture, which stated that the parties had agreed on a loss amount of $3,445,545.44. Based on the information submitted in support of the government's application, under the authority of 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(e)(1), the

preliminary order of forfeiture entered against defendant Anthony Vespa on August 15, 2019 hereby is amended as follows.

1. The amount of the forfeiture money judgment against defendant Vespa is $3,445,545.44.

2. The money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, any assets that the defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

3. The United States is permitted to undertake whatever discovery is necessary to identify and locate property subject to forfeiture and substitute assets, pursuant to Fed. R. Crim. P. 32.2(b)(3).

4. This amended preliminary order of forfeiture shall become the final order of forfeiture at the time of sentencing and shall be made part of the sentence and included in the judgment.

5. No ancillary proceeding is required as the forfeiture consists of solely a money judgment. Fed. R. Crim. P. 32.2(c)(1).

6. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Date:  February 19, 2020

- 3 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 19, 2020.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI